Filed 10/5/23  P. v. Murillo CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOAQUIN MURILLO,<br><br>    Defendant and Appellant. | D081578<br><br><br>(Super. Ct. No. SCD189155) |

APPEAL from an order of the Superior Court of San Diego County, Desiree Bruce-Lyle, Judge.  Affirmed.

Joaquin Murillo, in pro. per.; and Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2005, a jury convicted Joaquin Murillo of willful, deliberate premeditated attempted murder (Pen. Code,[1] §§ 664 & 187) and robbery (§ 211).  The jury also found Murillo personally discharged a firearm causing

---

[1]    All further statutory references are to the Penal Code.

great bodily injury (§ 12022.53, subd. (d)).  Murillo was sentenced to an indeterminate term of 25 years to life in prison.

Murillo appealed his conviction, and this court affirmed the judgment in an unpublished opinion.  (*People v. Murillo* (Feb. 27. 2007, D046976).)

In April 2022, Murillo filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6).  The court appointed counsel, received briefing and considered the record of conviction, including the information, the verdict forms and this court's prior opinion.  After a hearing the court found Murillo was not eligible for relief under section 1172.6.  The court found Murillo was the sole perpetrator, and that he was the actual shooter.  The jury found Murillo acted with premeditation and deliberation and that Murillo personally discharged a firearm causing great bodily injury. The court determined Murillo had not stated a prima facie case for relief under the statute and therefore denied the petition without issuing an order to show cause.

Murillo filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal.  Counsel asks the court to exercise its discretion and conduct an independent review of the record in the same manner as we would do under the procedure outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We offered Murillo the opportunity to file his own brief on appeal.  He has filed a supplemental brief which we will discuss below.

The facts of the underlying offenses were discussed in our prior opinion. We will not repeat them here.

DISCUSSION

As we have noted, appellate counsel has asked the court to exercise its discretion to independently review the record for error. To assist the court in its review and in an effort to comply with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified three possible issues that we considered in evaluating the potential merits of this appeal.

1. Whether the trial court erred in relying on this court's prior opinion for the facts of the crime.

2. Whether the trial court erred in concluding the verdicts conclusively established Murillo had not stated a prima facie case for relief.

3. Whether the trial court erred in finding the true finding on the firearm enhancement conclusively rebutted Murillo's statement of a prima facie case for relief.

Murillo's personal brief does not actually identify any error by the trial court in ruling on the petition. Instead, he argues first, he should not have been convicted of premeditated attempted murder because he was intoxicated at the time of the offense. He also argues the prosecutor should not have charged him with the firearm enhancement because he was intoxicated at the time of the offense.

Murillo's challenges to his underlying conviction are not relevant to this appeal from an order denying his postjudgment petition for resentencing. His conviction was upheld on direct appeal and the judgment has been final for years. Murillo's supplemental brief has not identified any potentially meritorious issues for reversal on appeal.

We have independently reviewed the record for error consistently with *Wende* and *Anders*. We have not discovered any potentially meritorious

3

issues for reversal on appeal. Competent counsel has represented Murillo on this appeal.

## DISPOSITION

The order denying Murillo's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.

4